IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA RIAUBIA, individually and on behalf of all others similarly situated,** : | **CIVIL ACTION** |
| Plaintiff, : | |
| v. : | No. 16-5150 |
| : | |
| **HYUNDAI MOTOR AMERICA** : | |
| Defendant. : | |

## ORDER

**AND NOW**, this __6TH__ day of August, 2019, upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 42), and for the reasons stated in the accompanying memorandum opinion, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.

It is hereby further **ORDERED** that:

1. As described in the accompanying memorandum opinion, conditional Class certification for the purposes of settlement is appropriate and meets the requirements of Federal Rule of Civil Procedure 23(a) and (b), and the proposed Settlement Agreement is preliminarily approved as it is fair, reasonable, and adequate under Rule 23(e).

2. The Court conditionally certifies the following settlement class:

> All persons or entities in the fifty United States and the District of Columbia who currently own or lease, or previously owned or leased, a model year 2015 to 2017 U.S. specification Hyundai Sonata vehicle equipped with the Smart Trunk feature.

> Excluded from the Settlement Class are Defendant, as well as Defendant's affiliates, employees, suppliers, officers, and directors, attorneys, agents, insurers, and dealers; third-party providers of extended warranty/service contracts; independent repair/service facilities; the attorneys representing Defendant in this case; the judges and mediator to whom this case is assigned and their immediate family members; all persons and entities who request exclusion from (opt-out of) the Settlement; all persons and entities

who previously released any claims encompassed in this Settlement or whose vehicle was permanently transported outside the United States; and all persons or entities claiming personal injury or property damage other than to a Class Vehicle or claiming subrogation of such claims.

3. Upon consideration of the factors in Rule 23(g), the Court appoints Plaintiff's Class Counsel to represent the Settlement Class as follows:

> James C. Shah, Esquire; and Natalie J. Finkelman Bennett, Esquire
> Shepherd, Finkelman, Miller & Shah, LLP
> 35 East State Street
> Media, PA 19063
>
> Noah Axler, Esquire; and Marc Goldich, Esquire
> Axler Goldich, LLC
> 1520 Locust Street, Suite 301
> Philadelphia, PA 19102
>
> Robert P. Cocco, Esquire
> Robert P. Cocco, P.C.
> 1500 Walnut Street, Suite 900
> Philadelphia, PA 19102

4. The Court appoints Plaintiff Joseph Riaubia as representative of the certified Settlement Class.

5. The Court approves the Notice Plan, including the two proposed forms of notice, (ECF No. 42-3, Ex. A (Claims Form), Ex. B (Notice Form)), and finds they are reasonable and adequate and meet the requirements of Rule 23(c) and (e).

6. The Court appoints Hyundai Motor America's Consumer Affairs Division as the Settlement Administrator, with the fees and costs of the Settlement Administrator to be borne by Defendant as set forth in the Settlement Agreement. The Settlement Administrator shall implement the Notice Plan with all applicable deadlines.

7. The motion for final approval of Settlement Agreement and any papers Plaintiff or Defendant wishes to submit in support of final approval shall be filed with the Honorable C.

Darnell Jones II as soon as practicable.  The final fairness hearing will be scheduled by Judge Jones in a future order.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge