**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA RIAUBIA, individually and on behalf of all others similarly situated,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | No. 16-5150 |
| | : | |
| **HYUNDAI MOTOR AMERICA** | : | |
| **Defendant.** | : | |

**ORDER FINAL APPROVAL
AND JUDGMENT**

THIS MATTER having been opened to the Court by counsel for the Plaintiff and the Class for final approval of the proposed class action settlement (the "Settlement") (ECF Nos. 57-58), in accordance with the Class Action Settlement Agreement and Release (the "Settlement Agreement") (ECF 42-3) and on the Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards (ECF 53); and

WHEREAS, the Court finds that it has jurisdiction over this Action pursuant to the Consent and Reference of a Civil Action to a Magistrate Judge (ECF 56) and each of the parties under 28 U.S.C. § 1332(d) and that venue is proper in this district; and

WHEREAS the Court finds as follows: The Settlement was entered into at arm's length by experienced counsel and only after extensive negotiations with a well-respected mediator. The Settlement is not the result of collusion. The Settlement is fair, reasonable, and adequate; and

WHEREAS, this Court conducted a hearing on Monday, December 16, 2019, and has fully considered the record of these proceedings, the representations, arguments, and recommendations of counsel, and the requirements of the governing law; and for good cause shown:

IT IS THIS __19TH__ day of December, 2019:

ORDERED that upon consideration of the Motion for Final Approval of Class Action Settlement (ECF No. 57), the Final Approval and Judgment is GRANTED, subject to the following terms and conditions:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Settlement Agreement.

2. The "Settlement Class" certified for the sole purposed of consummating the Settlement in this Action, consists of and is hereinafter defined as:

> All persons or entities in the fifty United States and the District of Columbia who currently own or lease, or previously owned or leased, a model year 2015 to 2017 U.S. specification Hyundai Sonata vehicle equipped with the Smart Trunk feature. Excluded from the Settlement Class are Defendant, as well as Defendant's affiliates, employees, officers, and directors, attorneys, agents, insurers, and dealers; third-party providers of extended warranty/service contracts; independent repair/service facilities; the attorneys representing Defendant in this case; the judges and mediator to whom this case is assigned and their immediate family members; all persons and entities who request exclusion from (opt-out of) the Settlement, who previously released any claims encompassed in this Settlement, or whose vehicle was permanently transported outside the United States after sale; and all persons or entities claiming personal injury or property damage other than to a Class Vehicle or claiming subrogation of such claims.

3. Attached hereto and incorporated into this Order as Appendix A is a schedule of all such persons who have timely and validly requested to be excluded from the Settlement Class.

4. The Court finds that there have been no valid Objections filed to the Settlement and that the deadlines for Objections have passed.

5. The Court hereby finds that the direct mail Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the

requirements of Fed. R. Civ. P. 23, the requirements of due process, and any other applicable law.

6. The Court finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23, affirms certification of the Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just, reasonable, and adequate.

7. Based upon the Court's familiarity with the claims and parties, the Court finds that Joshua Riaubia adequately represents the interests of the Settlement Class and hereby appoints him as Class Representative for the Settlement Class.

8. The Court finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Lead Class Counsel pursuant to Rule 23:

> JAMES C. SHAH
> NATALIE FINKELMAN BENNETT
> SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
> 1845 Walnut Street, Suite 806
> Philadelphia, PA 19103
> Tel: (610) 891-9880
>
> NOAH AXLER
> MARC A. GOLDICH
> AXLER GOLDICH LLC
> 1520 Locust Street, Unit 301
> Philadelphia, PA 19102
> Telephone: (267) 534-7400
>
> ROBERT P. COCCO
> ROBERT P. COCCO, P.C.
> 1500 Walnut St., Ste. 900
> Philadelphia, PA 19102
> Telephone: (215) 351-0200

9. The Court finds, upon review of the Settlement and consideration of the Rule 23 (e) factors as well as the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the proposed extended warranty, inspection and service, and

reimbursement program available from the Settlement are fair, reasonable, and adequate. Accordingly, the Settlement is finally approved by the Court.

10. The Final Approval Order and Judgment as provided under the Settlement Agreement should be entered. Such order and judgment shall be fully binding with respect to all members of the Class and shall have *res judicata*, collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that are based on or in any way related to any of the claims for relief, causes of action, suits, damages, debts, contracts, petitions, demands in law or equity, or any allegations of liability, obligations, promises, attorneys' fees, costs, interest, or expenses that were asserted in this action

11. The operative Complaint (ECF No. 1) in this action is dismissed with prejudice, and the claims against Defendant are released.

12. The Settlement Administrator shall distribute to each Settlement Class Member who timely submitted a properly executed, valid Claim Form, the benefits to which they are entitled under the terms of the Settlement Agreement.

13. The Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award (ECF No. 53) is GRANTED.  The amount requested is reasonable under the lodestar calculation, based on counsel's reasonable hours expended on the litigation multiplied by counsel's reasonable rates.  (ECF Nos. 53-2, 63-1).  Class Counsel is hereby awarded $828,876.00 in attorneys' fees and expenses.

14. Class Representative is to receive an incentive award of $5,000.

15. The awarded attorneys' fees and costs, and the Class Representative incentive

4

award, are to be paid and distributed in accordance with the Settlement.

16. The Court authorizes Class Counsel to allocate the fee award.

17. Each and every term and provision of the Settlement Agreement shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

18. The terms of this Final Approval Order and Judgment, and the Settlement Agreement, are binding on the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

19. The parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

20. Other than as set forth herein, the parties shall bear their own costs and attorneys' fees.

21. The releases set forth in the Settlement Agreement are incorporated by reference.

22. All Class Members, as of the Effective Date, shall be bound by the releases set forth in the Settlement Agreement whether or not they have availed themselves of the benefits of the Settlement.

23. The parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement as are consistent with the Final Approval Order and Judgment.

24. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid request for exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant in any court or tribunal asserting any of the claims released by the Settlement or

Settlement Agreement, and are hereby permanently enjoined from so proceeding.

25.     Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over this action, the parties, and the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court.

26.     Neither this Order nor the Settlement Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Defendant, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement or the terms of this Order.

27.     There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith and designate this case as closed.


BY THE COURT:


  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

**Appendix A**

Requests for Exclusion
*Riaubia v. Hyundai Motor America*, Civil Action No. 2: 16-cv-5150-LAS

Joan and Jose Banda
Phyllis Diane Beresford
Todd C. Boyer
Javiera Centeno
Marlene M. DeMarte
Keri Franklin
Peter Gambetta
Sandra A. Haessler
Lena L. Hall
Judith A. Jackson
Linwood L. Jones, Jr.
Melissa Kester
Dennis L. Kissel
Rita A. Kratzer
Burdette Milliard
Loretta F. Musickant
Heather Nuehring
Barbara Putanko
Stephen Quist
Andrea Michelle Robinson
Richard Martin Rogers
Sara J. Sibley
Dwight L. and Charlotte D. Smith
J. Leon and Elizabeth K. Smith
William R. Storrer
Terry D. Sullivan
Patricia Anne Taylor
Angelo E. Terrana
Lina Vallejo

James V. Vunora
Laura L. and Terry D. West
Larry T. Westman